IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| ESTATE OF RICHARD DAVID RAMIREZ, by and through Personal Representative Julio Ramirez; RICHARD JORDAN RAMIREZ, by and through Conservator Julio Ramirez; and JULIO RAMIREZ;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BILLINGS, a municipal corporation of the State of Montana; OFFICER GRANT MORRISON; CHIEF RICH ST. JOHN; JOHN DOES 1–10; and CORPORATIONS A–J;<br><br>Defendants. | CV 17–52–BLG–DWM<br><br>ORDER |

This case concerns the fatal shooting of Richard Ramirez by Officer Grant Morrison. Plaintiffs claim under 42 U.S.C. § 1983 that the shooting was an excessive use of force in violation of the Fourth and Fourteenth Amendments. They have also brought various state law claims. Defendants Officer Grant Morrison, the City of Billings, and Chief St. John seek summary judgment on all claims. (Docs. 21, 45.) Plaintiffs oppose the motions. (Docs. 28, 59.)

Summary judgment is proper when a party "shows that there is no genuine dispute as to any material fact" and is thus "entitled to judgment as a matter of

1

law." Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure 56(c) requires parties to support their factual assertions by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The cited material does not have to be in an admissible form for purposes of summary judgment, but it must be capable of being presented in an admissible form at trial. Fed. R. Civ. P. 56(c)(2); *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003). A party can object that cited material cannot be presented in an admissible form. Fed. R. Civ. P. 56(c)(2).

Here, Plaintiffs failed to comply with Rule 56(c) in responding to the pending motions for summary judgment. In opposing Morrison's motion, Plaintiffs argue that eyewitness statements from the night in question raise a genuine dispute. However, the record does not include eyewitness statements. Plaintiffs submitted a declaration by their police practices expert, Ernest Burwell, which incorporates his expert report. (Doc. 27.) The report summarizes statements that eyewitnesses made in June 2014. (Doc. 27-1 at 19–21.) As Morrison objected in his reply brief, these statements are hearsay. (Doc. 34 at 3.) They are also unsworn. Accordingly, they cannot form part of the summary judgment record. *See Jones v. Williams*, 791 F.3d 1023, 1032 (9th Cir. 2015)

(unsworn hearsay statements cannot be properly considered in opposition to summary judgment). Additionally, in opposing the City of Billings and Chief St. John's motion, Plaintiffs argue that the City's policies subject it to liability. As support, they submitted a 309-page policy manual. However, Plaintiffs fail to cite "to particular parts" of the policy manual as required by Rule 56(c).

When parties fail to comply with Rule 56(c), the court may "give an opportunity to properly support or address the fact." Fed. R. Civ. P. 56(e)(1). The option recognizes that "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion, much less when an attempted response fails to comply with Rule 56(c) requirements." Fed. R. Civ. P. 56(e) advisory committee's note to 2010 amendment. This is particularly important in challenges to the use of deadly force, where courts "must carefully examine all the evidence in the record, such as medical reports, contemporaneous statements by the officer and the available physical evidence, as well as any expert testimony proffered by the plaintiff." *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994).

Further, in executing its duty to "carefully examine all the evidence in the record," *id.*, the Court has reviewed the excerpt of the Coroner's Inquest transcript that Morrison submitted. (Doc. 42-1.) A review of the complete document is warranted. *Cf.* Fed. R. Evid. 106. Accordingly,

IT IS ORDERED that on or before January 7, 2019, Plaintiffs shall file the eyewitness statements in a form that complies with Federal Rule of Civil Procedure 56(c)(1)(A). Alternatively, Plaintiffs shall file a notice that they do not intend to provide the eyewitness statements.

IT IS FURTHER ORDERED that by the same date, Plaintiffs shall file a notice listing the particular policies to which they refer in Part III.B. of their Brief in Opposition to City of Billings' and Chief St. John's Motion for Summary Judgment, (Doc. 59).

IT IS FURTHER ORDERED that on or before January 7, 2019, Defendant Officer Grant Morrison shall file the complete transcript from the Coroner's Inquest.

DATED this 18th day of December, 2018.

15:18 P.M.

Donald W. Molloy, District Judge
United States District Court