IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ESTATE OF RICHARD DAVID RAMIREZ, by and through Personal Representative Julio Ramirez; RICHARD JORDAN RAMIREZ, by and through Conservator Julio Ramirez; and JULIO RAMIREZ;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BILLINGS, a municipal corporation of the State of Montana; OFFICER GRANT MORRISON; CHIEF RICH ST. JOHN; JOHN DOES 1–10; and CORPORATIONS A–J;<br><br>Defendants. | CV 17–52–BLG–DWM<br><br><br>ORDER |

On April 14, 2014, Officer Grant Morrison of the Billings Police Department shot and killed Richard Ramirez. Ramirez's Estate, his father Julio Ramirez, and his son Richard Jordan Ramirez ("Plaintiffs") sued Morrison, Billings Police Chief Rich St. John, and the City of Billings under state law and 42 U.S.C. § 1983. The parties are familiar with the facts, so they are not repeated here. Plaintiffs filed two motions in limine (Docs. 37, 48) and a motion to bifurcate (Doc. 39).

1

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Courts have broad discretion in ruling on motions in limine. *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016). A motion in limine should be granted only when the evidence at issue is "inadmissible on all potential grounds." *Id.* (internal quotation marks omitted). As a general matter, the Court cannot conduct a relevancy or Rule 403 analysis without knowing the specific evidence to be offered at trial.

Federal Rule of Civil Procedure Rule 42(b) provides "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues." The rule "confers broad discretion upon the district court to bifurcate a trial." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). The moving party has the burden to prove "bifurcation is warranted." *Frost*, 218 F. Supp. 3d at 1130 (internal quotation marks omitted). Plaintiffs argue bifurcation of the liability and damages phases of trial is necessary to prevent the jury from hearing prejudicial evidence of Ramirez's criminal history and prior drug use that is relevant to damages, but not liability. However, a limiting instruction will address Plaintiffs' concern that the jury will be unable to disregard evidence relevant only to damages in deciding liability.

2

IT IS ORDERED that Plaintiffs' First Motion in Limine (Doc. 37) is DENIED subject to renewal at trial with the proper objections.

IT IS FURTHER ORDERED that Plaintiffs' Second Motion in Limine (Doc. 48) is GRANTED in part and DENIED in part as follows:

1. Plaintiffs' motion to exclude evidence of the effects of Ramirez's drug use and/or medical condition on his life expectancy is GRANTED.

2. Plaintiffs' motion to exclude evidence that Morrison was not criminally charged or internally disciplined for shooting Ramirez is GRANTED.

3. Plaintiffs' motion to exclude evidence of the coroner's inquest and verdict is GRANTED with respect to the coroner's inquest verdict. Testimony from the inquest can be used for impeachment and cross-examination as allowed by the Federal Rules of Evidence.

4. Plaintiffs' motion to exclude evidence of Ramirez's mental health is DENIED subject to renewal with the proper objections at trial.

5. Plaintiffs' motion to exclude evidence that Ramirez lived and the shooting occurred in a "bad neighborhood," a "high crime area," or an area with "high drug activity" is DENIED subject to renewal with the proper objections at trial.

6. Plaintiffs' motion to exclude evidence that a verdict may be paid by taxpayers is GRANTED.

7. Plaintiffs' motion to exclude evidence of Ramirez and his family's prior contacts with law enforcement is DENIED subject to renewal with the proper objections at trial.

8. Plaintiffs' motion to exclude evidence of the general effects of methamphetamine on behavior and behaviors associated with certain toxicity levels is DENIED subject to renewal with the proper objections at trial.

9. Plaintiffs' motion to exclude evidence of the effects of methamphetamine on Ramirez's mental state and behavior during the incident is DENIED subject to renewal with the proper objections at trial.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Bifurcate (Doc. 39) is DENIED.

DATED this 31st day of January, 2019.

Donald W. Molloy, District Judge
United States District Court