IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| ESTATE OF RICHARD DAVID RAMIREZ, by and through Personal Representative Julio Ramirez; RICHARD JORDAN RAMIREZ, by and through Conservator Julio Ramirez; and JULIO RAMIREZ;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BILLINGS, a municipal corporation of the State of Montana; OFFICER GRANT MORRISON; CHIEF RICH ST. JOHN; JOHN DOES 1–10; and CORPORATIONS A–J;<br><br>Defendants. | CV 17–52–BLG–DWM<br><br>ORDER |

This case concerns the fatal shooting of Richard Ramirez by Officer Grant Morrison. Plaintiffs sued under state law and 42 U.S.C. § 1983, alleging the shooting was an excessive use of force in violation of the Fourth and Fourteenth Amendments. Defendants Morrison, the City of Billings, and Chief St. John sought summary judgment on all claims. (Docs. 21, 45.) Morrison argued he was entitled to qualified immunity on the § 1983 claim because his use of force was constitutional, and, in any event, he did not violate clearly established law. On January 30, 2019, the Court denied Morrison's motion for summary judgment that his use of force was

1

constitutional because of genuine disputes of material fact. (Doc. 93.) The Court reserved ruling, pending factual findings at trial, on whether Morrison violated clearly established law. (*Id.*)[1] On February 1, 2019, Morrison filed a notice of appeal. (Doc. 96.) On February 3, 2019, Plaintiffs moved to certify the appeal as frivolous. (Doc. 97.) On February 7, 2019, the City and St. John moved for a stay pending the appeal. (Doc. 105.)

A district court's denial of qualified immunity is the proper subject of an interlocutory appeal. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). However, the review is limited to purely legal questions. *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). The Court of Appeals does not have jurisdiction to review factual questions, such as whether genuine disputes of material fact exist, on interlocutory appeal. *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013).

Generally, the filing of a notice of appeal divests a district court of jurisdiction. *See Rodriguez v. Cty. of L.A.*, 891 F.3d 776, 790 (9th Cir. 2018). However, the Ninth Circuit has recognized "that the appeals process might be abused to run up an adversary's costs or to delay trial." *Id.* at 791 (citing *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992)). In such cases, a district court may retain jurisdiction and proceed to trial by certifying in writing that the appeal is frivolous or has been waived. *Chuman*, 960 F.2d at 105. An appeal is frivolous when it "is unfounded, 'so baseless

---

[1] The Court also granted the City and St. John's motion for summary judgment on the § 1983 claim but denied their motion on the state law claims. (Doc. 93.)

2

that it does not invoke appellate jurisdiction.'" *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)).

Here, Morrison appeals the portion of this Court's Order that reserves ruling, pending factual findings at trial, on whether his use of force violated clearly established law. (Doc. 96.) As explained more fully in the Order, (Doc. 93), factual issues must be resolved before it is possible to make a legal ruling on the clearly established law prong of the qualified immunity analysis. The Court, then, has yet to make a legal determination that would be the proper subject of an interlocutory appeal.

In his opposition to Plaintiffs' motion, Morrison conflates a factual determination with a legal determination. When a genuine dispute of material fact precludes qualified immunity, as here, the jury must make factual findings *before* the court can make a legal ruling. Morrison attempts to avoid the jury by asking the Ninth Circuit to become a factfinder in contravention of both the limits on the Ninth Circuit's jurisdiction and Plaintiffs' right to a jury trial. Because Morrison appeals a purely factual determination over which the Court of Appeals does not have jurisdiction, his appeal is meritless. Rather than an interlocutory appeal, the proper course of action is for Morrison to make a Rule 50 motion for judgment as a matter of law at trial and, if a jury finds against him, to then exercise his right to appeal.

Further, the parties have already completed discovery, engaged in a burdensome motions practice at summary judgment, and fully briefed seven motions in limine and

3

a motion to bifurcate. At this stage, rather than promote the efficient resolution of this case, the appeal serves only to disrupt and delay the trial schedule. This is precisely what the Ninth Circuit aimed to prevent in allowing district courts to certify interlocutory appeals as frivolous. *See Chuman*, 960 F.2d at 105. Accordingly,

IT IS ORDERED that Plaintiffs' Joint Motion to Certify Officer Morrison's Appeal as Frivolous and for Retention of Jurisdiction (Doc. 97) is GRANTED. Officer Morrison's appeal is certified as frivolous.[2] This case will proceed according to the August 11, 2017 Scheduling Order.[3] (Doc. 17.)

IT IS FURTHER ORDERED that the City and St. John's Motion to Stay Proceedings Pending Appeal (Doc. 105) is DENIED as MOOT.

DATED this 12th day of February, 2019.

09:00 A.M.

Donald W. Molloy, District Judge
United States District Court

---

[2] The "frivolous" certification in no way suggests a lack of professionalism on the part of defense counsel.
[3] The parties are reminded of the February 13, 2019 deadline for pretrial filings.

4