Gerry P. Fagan
Adam Warren
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Gerry.Fagan@moultonbellingham.com
Adam.Warren@moultonbellingham.com

*Attorneys for Defendants City of Billings and Chief Rich St. John*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ESTATE OF RICHARD DAVID RAMIREZ, by and through Personal Representative Julio Ramirez; RICHARD JORDAN RAMIREZ, by and through Conservator Julio Ramirez; and JULIO RAMIREZ,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　-vs-<br><br>CITY OF BILLINGS, a municipal corporation of the State of Montana; OFFICER GRANT MORRISON; CHIEF RICH ST. JOHN; JOHN DOES 1 – 10; and CORPORATIONS A – J,<br><br>　　　　　　　　　　Defendants. | Case No. CV 17-52-BLG-DWM<br><br><br><br>**CITY DEFENDANTS' TRIAL BRIEF** |

Pursuant to the Court's Scheduling Order, Defendant City of Billings ("City") provides the following Trial Brief to the Court in advance of trial.

The Court should be watchful at trial in order to prevent the introduction by Plaintiffs of irrelevant and/or prejudicial evidence about unrelated events or allegations. Plaintiffs' recent filings on evidentiary issues and motions in limine indicate that despite the Court's recent ruling on summary judgment motions which drastically eliminated the issues for trial, they still intend to argue about and introduce evidence which was, at best, only relevant to their dismissed claims such as negligent training and supervision.

The Court's Order on summary judgment motions dated January 30, 2019, effectively eliminated the relevancy of other incidents and allegations which are not related to the incident with Richard Ramirez. The Court, through its summary judgment rulings, reduced the case to be tried to only concern the actual incident between Ramirez and Officer Grant Morrison on April 14, 2014. The Court has dismissed all direct liability claims asserted against the City, leaving only two vicarious liability claims to be tried against the City. (Doc. 93 at pp. 34-37) The Court has ruled that the only claims to be tried against the City are a vicarious liability claim for alleged negligent use of force by Officer Morrison in regards to Richard Ramirez and a vicarious liability claim for alleged assault by Officer Morrison against Richard Ramirez. (*Id.*) Similarly, the only claims for trial against

Officer Morrison involve the incident with Ramirez. Therefore, by the Court's rulings, the only incident that is at issue in this case is the April 14, 2014, incident between Officer Morrison and Richard Ramirez. Evidence at trial needs to be restricted to only that event because other incidents have no relevance to the claims to be tried and are also unduly prejudicial to the City and Officer Morrison.

Plaintiffs have recently argued that a variety of personal opinions held by their expert, Ernie Burwell, should be admitted merely because he based them on his review of materials. (Doc. No. 102) While these are not properly admissible expert opinions, as explained in the City's Motion in Limine on Burwell (*see* Doc. No. 86), it nevertheless bears emphasizing that many of these opinions are also completely irrelevant and unduly prejudicial because there is no claim left to be tried that Ernie's opinions are relevant to. For example, Plaintiffs argued in their opposition to the City's Motion in Limine on Burwell that Burwell could properly provide his personal opinion that the City should have terminated Officer Morrison for an encounter with a person named Calkins. (Doc. No. 102, at p. 6) Plaintiffs also argued that Burwell could properly offer his opinion that the City failed to train Officer Morrison well and lacked supervision over him. (*Id.* at p. 7) Plaintiffs advanced these arguments after the Court had ruled on summary judgment that their claims for lack of training and supervision failed and should be dismissed.

Similarly, Plaintiffs argued in opposition to Officer Morrison's Motion in Limine (Doc. No. 80) that they should be allowed to introduce evidence of alleged "other acts" to establish that the City and Chief St. John employed a "modus operandi" to justify "police shootings in the media and during the course of lawsuits by honing in on the victim allegedly being dangerous and having a violent past." (Doc. No. 103, at p. 5) Plaintiffs further argued that Officer Morrison's prior use of force reports should be introduced to show he had a motive to lie about the Ramirez incident as well as to establish his "intent" and "habit or routine." (*Id.* at pp. 9, 11, & 12; *see also* pp. 14-15)

None of these issues or allegations are any longer relevant to the claims left to be tried. None of them relate to what happened on April 14, 2014, between Ramirez and Officer Morrison. None of them will assist the jury in deciding what happened on that night and whether Officer Morrison used excessive force in that incident. Instead, the allegations and claims about such issues as a purported "modus operandi," "habit and routine," lack of supervision or training are all distinctly irrelevant to the incident and what actually happened. Many of these allegations also carry an obvious flavor of character assassination, which, of course, is prohibited. The Court should therefore take care to prevent the introduction of such allegations or evidence pertaining to them. The City respectfully submits that this trial should properly be about what actually happened between Ramirez and Officer Morrison

on April 14, 2014, and not about Plaintiffs' or their expert's spin on other unrelated events or what aspersions Plaintiffs can cast upon Officer Morrison or the City.

**DATED** this 13th day of February, 2019.

    MOULTON BELLINGHAM PC


By: /s/ Gerry Fagan_____
    GERRY P. FAGAN
    ADAM WARREN

    ATTORNEYS FOR DEFENDANTS
    City of Billings and Chief Rich St. John

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion is double-spaced, is in 14-point type, and contains 787 words, excluding caption, signature, certificate of service, and compliance.

                MOULTON BELLINGHAM PC

                By: /s/ Gerry Fagan
                    GERRY P. FAGAN
                    ADAM WARREN

                    ATTORNEYS FOR DEFENDANTS
                    City of Billings and Chief Rich St. John